Curia, per Butler, J.
To understand the question upon which I am instructed to deliver the judgment of the Court in this case, reference must be bad to the state of things which existed when the executions were lodged, under which the sheriff derives title, and seeks to justify himself, and from that time till the date of plaintiffs’ assignment. The plaintiffs must prevail in establishing their title under the assignment, unless the defendant has shown a better title in himself under the execution. The execution was lodged some time in 1828, at what exact time it does not appear. At that time Mrs. Singleton, the wife of John Singleton, was in possession of all her husband’s estate, except some specific legacies which bad been delivered to the legatees entitled to them. By the will, she bad a right to bold the estate, of which she was in possession exclusively, in her own right for life, remainder over to the children of the testator. Dinah and Bob formed a part of the general estate in which Mrs. Singleton bad an interest for life, and John B. Singleton, the defendant in execution, as one of the tenants in common had an interest in remainder. At the time the execution was lodged, there either bad been an assent to the legacy for life, or there bad not been. If there bad been no assent by the executor, it is very clear that there was no such vested interest in John B. Singleton in the negroes, as to have made them subject to the execution against him. But from the circumstances it may very well be assumed there was an assent. And then what was John B. Singleton’s interest ? He bad an undivided and indefinite interest in remainder in personal chattels of which another bad the exclusive right and dominion during life. The question now presents itself: could this undivided interest in remainder be the subject of levy and sale under a fi.fa., at any time before the date of plaintiffs’ assignment ? The Court is of opinion it could not. In England such an interest would be regarded as nothing' more than a trust in the one having the interest for life, for those in remainder. Mrs. Singleton would be regarded as a trustee with the legal interest in her, bolding the undivided interest In remainder for the benefit of the children. If- so, it would be a mere equity which might be assigned, but which could not be levied on and sold under a fi.fa. The writ of fi.fa. is an execution at common law,- directed to the *65 sheriff, commanding Mm of the goods and chattels of A. B. to levy, &c.; the essential words of which are 11 quoad fieri facias cle bonis et catallisP To make a levy under such a writ, the sheriff must take into his own proper possession, the goods and chattels, otherwise he would have no such title in himself, as to enable him to make a delivery to a purchaser at public sale. Delivery is essential to perfect the sale of any personal chattel; and it is as much so in the case of a sale by a sheriff as by any one else; and perhaps more so. A fi. fa. can have no lien on any interest in personal property unless it be of such an inforcible character as to authorize the sheriff to make a levy and take the chattel into his possession with an ability to make sale and delivery of it to a purchaser. These elementary principles are fully sustained not only by English authorities, but by the adjudications of our own State. In the case of Devore vs. Kemp, decided May Term, 1837, Mr. Justice Earle lays down the position, “ there can be no lien on a mere right which cannot be levied on and sold.’1 In this case one Hall rented to Bing a part of a field for one year, reserving to himself one .half of the produce of Bing’s field; before the crop was gathered, Hall assigned to plaintiff his interest in Bing’s crop; held, that this interest was not the subject of levy and sale, the legal title being in Bing till severance. Before severance, however, the plaintiff took an assignment, which prevailed, against the sheriff’s claim'under a fi.fa. lodged before the -assignment. This decision is applicable to the case under consideration, in another point of view which I shall notice presently.
In the case of Collins vs. Montgomery, 2 N. and McC. 392, it was decided that a sheriff could not sell personal property until it had been reduced into possession; and a sale made by the sheriff^ when the property was not present at the sale, was held void; sustaining the position that to perfect such a sale, there must be an actual delivery.
Apply these principles to the case under consideration. John R. Singleton had no present interest in the property at the time the execution was lodged. He had no immediate dominion over the negroes; and if he had taken them off and sold them, he would have been a trespasser. And can the sheriff occupy a better position ? Singleton had a mere *66 tight to the negroes, depending upon the death of Mrs. Singleton for its enjoyment and possession. At any time before plaintiff’s assignment, the tenant for life had the legal estate and exclusive possession. It follows then, if her right for the term was exclusive, it would have been a trespass for any one to have invaded it by laying hands on the negroes. The sheriff during the time had no right to levy; and of course the execution had no lien.
But it is said that the lien attached as soon as Mrs. Singleton surrendered her life estate, and upon the severance, by which it was ascertained what was John it. Singleton’s interest in the residuum. There is no doubt but that at this time, the lien under the fi. fa. could have attached, if Singleton had not been legally divested of his right before that time. To this extent the case of Brown vs. Gilliland, 3 Des. 547, sustains the defendants. For that case decides that all property acquired by a defendant in execution after the lodging of the execution, becomes subject to its lien, provided the defendant has a perfect title to the thing at the time. Which is nothing more than saying that all a defendant’s property is liable to an execution, whether acquired before or after the lodging of the execution. But the plaintiffs in this case contend that before the severance or the surrender of the life estate, John B. Singleton had divested himself of all interest in the negroes in controversy, by his assignment to them', and if so, there was nothing on which the execution could attach. And it seems to me that this is undeniable. For although he had not a perfect legal title at the time, he had an assignable right, which he transferred to the plaintiffs, and which gave them a perfect title as soon as the life estate was determined, and when Singleton had a present interest in, and right of possession to, the negroes. This view is fully sustained by the opinion of Mr. Justice Earle in the case of Devore vs. Kemp.
It has been decided in this State that an interest in remainder in lands is the subject of levy and sale. That decision proceeds on the ground that a sheriff can only transfer lands by deed; but that he cannot by levy either take possession himself or put a purchaser in possession of lands. It is more like a sale of a term for years in England; when a purchaser must bring his action and obtain a writ *67 of habere facias possessionem, before be can enjoy the benefits of bis purchase. A purchaser of a chattel has his title perfect by delivery from the sheriff. Not so of land, where the purchaser must sue before he can take possession, and have a perfect title in himself; or rather before he can have the right of possession.
The judgment of this Court in this case is, that an undivided residuary interest in remainder of personal property, is not subject to levy and sale.
The plaintiff’s motion for a new trial is granted.